IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TOMMY DWAYNE HALL                                                    PETITIONER

v.                                    Civil No. 4:09-cv-4079

LARRY NORRIS, Director,
Arkansas Department of Correction                                    RESPONDENT

## <u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>

Petitioner, TOMMY DWAYNE HALL, an inmate confined in the Arkansas Department of

Corrections, filed this petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254.  The matter

has been referred for findings of fact, conclusions of law and recommendations for the disposition

of the case.

**A.  Introduction**:

The Petition for Writ of *Habeas Corpus* was filed in this case on July 24, 2009.  (Doc. No.

1).    On that day the Court ordered the United States Marshal to serve the Respondent with a copy of

the Petition and further ordered the Respondent to file his answer to the Petitioner within twenty (20)

days of the date of service.  (Doc. No. 3).   Respondent was served with a copy of the Petition and the

Order to Answer on August 10, 2009.  (Doc. Nos. 5 and 6).  Respondent filed his Response to Petition

for Writ of *Habeas Corpus* on August 26, 2009.  (Doc. No. 7).  The Court held an evidentiary hearing

on April 20, 2010, and following the hearing the Court directed the parties to submit proposed findings

of fact and conclusions of law.   This matter is now ready for decision.

-1-

**B.  Procedural Background**[1]:

In 2003, Petitioner pled guilty, in the Circuit Court of Miller County, Arkansas, to possession of a controlled substance with intent to deliver and was sentenced to 120 months probation. (Hereinafter, "2003 Case").  On February 27, 2004, Petitioner was arrested for driving with a suspended license.   Following a search of the car he was driving, he was charged with Possession of a Controlled Substance with intent to deliver.  (Hereinafter "2004 Case").   On March 3, 2004, alleging the 2004 Case as the ground for revocation, the state prosecutor also filed a Petition for Revocation (Hereinafter "the Probation Revocation") of Petitioner's term of probation from the 2003 Case.  The 2004 Case and the Probation Revocation were both adjudicated in the Circuit Court of Miller County, Arkansas, Eighth Judicial District, before Circuit Judge  Joe E. Griffin.

Petitioner retained attorney David  James to represent him on the 2004 Case and the Probation Revocation.  On August 24, 2005, a hearing occurred  concerning the Probation Revocation.  Petitioner was found guilty of violating his probation and sentenced to 300 months imprisonment.   The state court's judgment revoking Petitioner's probation and sentencing him was entered on September 16, 2005 (Miller County case number CR 2001-319-1).  Petitioner sought a belated appeal of the Probation Revocation and sentence in the Arkansas Supreme Court.  On April 20, 2006, the Court denied Hall's motion for a belated appeal.  *See Hall v. State*, No. CR 06-192, 2006 WL 1032392 *1 (Ark. 2006).

On August 25, 2005, one day after the Probation Revocation hearing, attorney David James filed a Motion to Withdraw from the 2004 case.  The Motion to Withdraw stated Petitioner was unable to obtain funds to pay an attorney due to his incarceration.  It further declared "Tommy Hall is entitled

---

[1]The Procedural Background is taken from the pleadings of the parties and is presumed to accurately reflect the state court proceedings which underlie the instant *habeas corpus* petition.  *See also, Arkansas v. Hall*, 2006 WL 1032392, *1 (Ark. 2006).

to a court appointed attorney." (Emphasis added).

On November 2, 2006, Petitioner pled guilty to manufacture, delivery or possession of a controlled substance and was sentenced to 420 months in the Arkansas Department of Correction. On December 5, 2006, Petitioner moved to withdraw his guilty plea in the state court. The state court denied the motion on August 15, 2007. On December 7, 2007, Petitioner filed an untimely notice of appeal in the state court. On December 2, 2008, he sought a belated appeal of the trial court's order. His motion for belated appeal was denied by the Arkansas Supreme Court on March 5, 2009.

In 2008, Petitioner filed in the state trial court a motion to suppress arguing his constitutional rights had been violated and his statements, a witness's statement and contraband should be suppressed. On appeal of the trial court's denial of the motion, the Arkansas Supreme Court characterized Petitioner's motion as one attempting to withdraw his guilty plea. The Court declared the motion a request for relief pursuant to Ark. Rule 37. On June 4, 2009, this motion was also denied as untimely filed. *See Hall v. State*, CR09-421, 2009 WL 1579098 *1 (Ark. 2009).

**C.  Current Petition**[2]:

The Petition for Writ of *Habeas Corpus* was filed in this case on July 24, 2009, challenging the Probation Revocation case. (Doc. No. 1). Petitioner asserts the following claims in this petition: (1) he maliciously was prosecuted, (2) he received ineffective assistance of counsel, (3) his due process rights were violated when the prosecution coerced witness Milton Tucker to testify falsely, and (4) the initial vehicle stop which led to his arrest and ultimate conviction was made without probable cause.

The Respondent has responded to the Petition, admits Petitioner is in his custody, and states

---

[2]The Court notes the Petitioner has one other pending petition seeking *habeas corpus* relief. *See Hall v Norris*, Civil No. 4:09-cv-4076. While that petition arises from the same underlying state court criminal proceedings as the instant case, it raises different issues and will be addressed in separate Report and Recommendations from this Court.

there are no non-futile state court remedies available to Petitioner.   Respondent asserts the Petition in this matter is time barred pursuant to 28 U.S.C. § 2244(d)(1)(A).  Respondent further asserts the claims raised by Petitioner are procedurally barred from review by this Court in that they were never properly presented to the Arkansas state courts for resolution.

**D.  Discussion**:

1.  **One-year Statute of Limitations**:   On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA") was signed into law.  The law made several changes to the federal *habeas corpus* statutes, including the addition of a one-year statute of limitations.  *See* 28 U.S.C. § 2244(d)(1).  The AEPDA provides that the one-year limitations period shall run from the latest of four possible situations.  Section 2244(d)(1)(A) specifies the limitations period shall run from the date a judgment becomes final by the conclusion of direct review or the expiration of the time for seeking such review.  Section 2244(d)(1)(B) specifies the limitations period shall run from the date an impediment to filing created by the State is removed.  Section 2244(d)(1)(C) specifies the limitations period shall run from the date in which a constitutional right has been initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review.  Section 2244(d)(1)(D) states the limitation period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

Section 2244(d)(2) also provides that the time during which a "properly filed application" for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation.  The United States Court of Appeals for the Eighth Circuit has also held "the one-year period is equitably tolled when 'extraordinary circumstances' have made it impossible for the *habeas* petitioner to file a timely federal petition." *Gray*

-4-

*v. Gammon*, 283 F.3d 917, 918 (8th Cir. 2002).

The relevant triggering date for the one-year statute of limitations in this case is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. §2244(d)(1)(A).  The Eighth Circuit has held the running of the statute of limitations imposed by §2244(d)(1)(A) is triggered by either:  (i) the conclusion of all direct criminal appeals in the state system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court; or (ii) if certiorari was not sought, then by the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ. *See Nichols v. Bowersox*, 172 F.3d 1068, 1072 (8th Cir. 1999) *quoting Smith v. Bowersox*, 159 F.3d 345, 348 (8th Cir. 1998).

Under § 2244(d)(1)(A), the time allotted for filing the petition for writ *certiorari* to the  United States Supreme Court is generally 90 days.  *See* Sup.Ct. R. 13.1.   However,  the Supreme Court can only review the judgment of a "state court of last resort," or of a lower state court if the "state court of last resort" has denied discretionary review.  *See id., see also* 28 U.S.C. 1257(a) ("the highest court of a State in which a decision could be had").   Because the United States Supreme Court only reviews decisions of the state court of last resort, if a federal *habeas* petitioner fails to seek review in the highest state court, he is not entitled to the expiration of the 90 days allotted for filing a petition for writ of certiorari with the United States Supreme Court before his conviction becomes "final" for purposes of federal *habeas* review.  *See Riddle v. Kemna*, 523 F.3d 850 (8th Cir. 2008).  In *Riddle*,  the Eighth Circuit abrogated "the part of *Nichols* that includes the 90-day time period for filing for certiorari in all tolling calculations under the 28 U.S.C. § 2244(d)(1)(A)." *Id.* at 856.  The Eighth Circuit stated: "To recap, the district court properly began the statute of limitations in 28 U.S.C. § 2244(d) the day after

the direct-appeal mandate issued, tolled it while the state post-conviction proceedings were pending, and did not allow the 90-day period for filing for *certiorari*." *Id.* at 856. This means when a Petitioner does not seek review by the highest state court, the conviction becomes final on the issuance of the mandate by the state intermediate court of appeals and the one-year limitations period of 28 U.S.C. § 2244 begins to run from that date.

On August 24, 2005, a hearing occurred concerning the Probation Revocation. Petitioner was found guilty of violating his probation and sentenced to 300 months imprisonment. The state court's judgment revoking Petitioner's probation and sentencing him was entered on September 16, 2005. Petitioner sought a belated appeal of the Probation Revocation and sentence in the Arkansas Supreme Court. On April 20, 2006, the state court denied Hall's motion for a belated appeal.

Section 2244(d)(1)(A) specifies the limitations period shall run from the date a judgment becomes final by the conclusion of direct review or the expiration of the time for seeking such review. The one-year statute of limitations commenced thirty (30) days after entry of this judgment, or on October 16, 2005, as Petitioner did not seek timely review by the Arkansas appellate courts. *See* Ark. R. App. P.–Crim. 2. He did not file any state court petition for post-judgment relief. His time for filing the instant Petition thus expired on October 15, 2006. The instant Petition was filed on July 24, 2009, nearly three (3) years after the time for such filing had expired.

**2. Equitable Tolling of the One-Year Limitation Period**: Petitioner claims equitable tolling should be applicable and prevent the one-year statute of limitations bar in this case. Petitioner asserts he has diligently pursued his rights in this matter by filing a constant stream of Petitions, Appeals, and other requests since his conviction. He also asserts extraordinary circumstances prevented him from filing the instant Petition within the one-year limitations period. Specifically he alleges (1) he

did not have legal counsel, (2) he was denied access to an adequate law library, and (3) he only had a partial record to review in preparing the Petition.   The Respondent claims these are not extraordinary reasons to justify a three year tolling of the statute of limitations.

It is settled in the Eighth Circuit that the one-year statute of limitations in § 2244(d) is subject to the doctrine of equitable tolling.  *See Gassler v. Bruton*, 255 F.3d 492, 495 (8th Cir. 2001). However, equitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time.  *See Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001), *see, e.g., Cross-Bey v. Gammon*, 322 F.3d 1012, 1015 (8th Cir. 2003), *quoting Flanders v. Graves*, 299 F.3d 974, 976 (8th Cir. 2002), *cert. denied*, 537 U.S. 1236 (2003)("[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes.").  "'Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.' Equitable tolling is 'an exceedingly narrow window of relief.'"  *Riddle*, 523 F.3d , at 857 (citations omitted).

Here Petitioner raises no "extraordinary" circumstances.   Petitioner was not entitled to a lawyer to file a federal *habeas* petition.  *See Coleman v. Thompson*, 501 U.S. 722, 732 (1991), *see also Hoggard v. Purkett*, 29 F.3d 469, 470 (8th Cir. 1994)("It is clear that the Sixth Amendment right to counsel does not attach to a *habeas corpus* proceeding, and we decline Hoggard's invitation to establish a new constitutional right.").   Therefore the fact he did not have counsel does not rise to the level of an extraordinary circumstances.

Petitioner's alleged limited access to an adequate law library also does not arise to an extraordinary circumstance.  *See Earl v. Fabian*, 556 F.3d 717, 725 (8th Cir. 2009) ("Because there is

'no freestanding constitutional right to a particular number of hours in the prison law library,' Earl's alleged limited access to the library does not impact our determination that he failed to act with the requisite diligence."). Here Petitioner's pleadings and briefing, even before counsel was appointed to assist in determining if a hearing was necessary, were adequate, and lack of a full law library did not impact his ability to timely file the instant petition.

Petitioner claims he only had access to a partial record in this matter. In fact the record shows at all times relevant to his state post-conviction proceeding Petitioner was in control of the circumstances. He was aware of the rulings of the state courts and responded to those rulings. As he claimed at the evidentiary hearing in this matter, he filed a steady stream of Petitions, Appeals, and other requests since his conviction. He does not assert that some circumstance beyond his control made it impossible to seek timely review of the state court proceeding or to file the instant Petition before the expiration of the one-year limitation period. Accordingly, equitable tolling is inapplicable in this case.

**3. Procedural Bar**: Respondent also asserts this petition is procedurally barred, because he failed to timely seek appellate review in the state court. A federal court is precluded from considering a *habeas corpus* claim that a "state court has disposed of on independent and adequate non-federal grounds, including state procedural grounds." *Clemons v. Luebbers*, 381 F.3d 744, 750 (8th Cir. 2004), *citing Reagan v. Norris*, 279 F.3d 651, 656 (8th Cir.2002). A state prisoner is procedurally barred from proceeding in federal court when he violates a state procedural rule that independently and adequately bars direct review of the claim. *See id.* If a state prisoner can show "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that

failure to consider the claims will result in a fundamental miscarriage of justice[3]," then he overcomes the procedural bar and may proceed in a federal *habeas corpus* action.  *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).    "In other words, a state prisoner who fails to satisfy state procedural requirements forfeits his right to present his federal claim through a federal *habeas corpus* petition, unless he can meet strict cause and prejudice or actual innocence standards." *Clemons*, 381 F.3d at 750.

a. **Cause and Prejudice**: Petitioner's claims were barred by a state procedural rule, thus he must show cause and prejudice or demonstrate a fundamental miscarriage of justice in order to proceed in federal court on this *habeas corpus* petition.  *See Coleman*, 501 U.S. at 750.  Here Petitioner can not show cause for his procedural default.

Petitioner asserts as cause for his default that his attorney in the Probation Revocation provided ineffective assistance of counsel when he did not appeal the probation revocation and this failure by his attorney amounts to cause.  This issue was considered by the Arkansas state courts. In an unreported *per curiam* opinion, the Arkansas Supreme Court found Petitioner's retained revocation lawyer was relieved in the trial court and the trial court had no obligation to appoint new counsel.  *See Hall v. State*, 2006 WL 1032392, *1 (Ark. 2006).   Petitioner asserts his trial counsel in the Probation Revocation was never relieved as counsel and was therefore ineffective for not perfecting an appeal.  The Arkansas Supreme Court found otherwise stating:

> Once counsel was relieved, the burden was on petitioner, if he was incapable of
> proceeding pro se on appeal and desired representation by counsel, to retain other
> counsel. If he had become indigent since retaining James, it was his responsibility

---

[3]To demonstrate a fundamental miscarriage of justice a petitioner must show his actual innocence of the charges.  *See Sawyer v. Whitely*, 505 U.S. 333, 339 (1992).

to file in the trial court a motion for appointment of counsel with his affidavit of indigency appended. He neither retained other counsel nor sought appointment of counsel, and he has failed to establish that there was good cause for his failure to perfect the appeal. A belated appeal will not be allowed absent a showing by the pro se petitioner of good cause for the failure to comply with proper procedure.

*Id.*  Petitioner failed to shoulder the state court burden of seeking appointed counsel or timely filing his appeal of the Probation Revocation order.

**b. Actual Innocence**:  A federal *habeas* petitioner who has procedurally default may be able to proceed if he establishes (1) new and reliable evidence that was not presented to the state courts, and (2) that in light of the new evidence it is more likely than not that no reasonable juror would have convicted him.  *See Weeks v. Bowersox*, 119 F.3d 1342, 1351 (8th Cir. 1997).  This exception should only be applied in an "extraordinary case."  *Id.*

Here Petitioner alleges no new evidence regarding his actual innocence.  Rather he claims (1) a witness was improperly coerced and (2) there was an illegal search of his vehicle that led to the probation revocation proceeding.  Petitioner pled true to the allegations in the Probation Revocation case.

His claim of an illegal search and seizure is unavailing to establish actual innocence.

[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner **may not** be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial.

*Stone v. Powell*, 428 U.S. 465, 494 (1976)(emphasis added).  Arkansas provides such a process of review.  Petitioner could have contested the alleged illegal search with a motion to suppress at the trial court.  He could also have timely appealed any denial of said motion to suppress evidence.  He did not do so.

-10-

Further, as Respondent points out, Petitioner's probation was revoked for other reasons as well such as his failure to report as ordered and failure to pay fines as ordered.  Petitioner does not address these issues in any way.  His allegations and proof in this matter fall far short of establishing "more likely than not that no reasonable juror would have convicted him in the light of the new evidence."  *Bowman v. Gammon*, 85 F.3d 1339, 1346 (8th Cir.1996).  Petitioner has wholly failed to show a fundamental miscarriage of justice will occur absent this court granting his *habeas corpus* petition.

**Recommendation**:

Accordingly, based on the foregoing, it is recommended the Petition for Writ of *Habeas Corpus* (Doc. No. 1) be **DENIED**.

**The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

**DATED** this **22nd day of June, 2010.**

  /s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE