IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TOMMY DWAYNE HALL                                                                    PLAINTIFF

V.                                        CASE NO. 09-CV-4079

LARRY NORRIS, Director,
Arkansas Department of Correction                                                    DEFENDANT

## JUDGMENT

Before the Court is the Report and Recommendation filed June 22, 2010, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (Doc. 40). Judge Bryant recommends that Planitiff Tommy Dwayne Hall's Petition for Writ of Habeas Corpus (Doc. 1) be denied. Hall has responded with timely objections. (Doc. 41). After reviewing the record *de novo*, the Court adopts Judge Bryant's Report and Recommendation as its own.

Hall asserts the following claims in his petition: (1) he was maliciously prosecuted; (2) he received ineffective assistance of counsel; (3) his due process rights were violated when the prosecution coerced a witness to testify falsely; and (4) the initial vehicle stop that led to his arrest and ultimate conviction was made without probable cause. In the Report and Recommendation, Judge Bryant found that Hall filed the petition at issue outside of the one-year limitation period and that the petition was procedurally barred because Hall failed to seek appellate review in state court.

In his objections to the Report and Recommendation, Plaintiff states that the one-year statute of limitations should be equitably tolled because he did not have legal counsel at the state court level,

he was denied access to an adequate law library, and he only had a partial record to review when preparing his petition. To be entitled to equitable tolling, the petitioner must show the following: (1) that he or she has been pursing his or her rights diligently and (2) that some extraordinary circumstance stood in his or her way and prevented timely filing. *Finch v. Miller*, 491 F.3d 424, 427 (8th Cir. 2007). Equitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a timely petition. *Id*.

Hall claims that his state court attorney was ineffective because he did not perfect Hall's appeal in his state court action. However, the Arkansas Supreme Court found that Hall's retained attorney was relieved as counsel and that it was Hall's responsibility to retain other counsel to perfect his appeal or to file a motion for appointment of counsel with his affidavit of indigency appended. Instead, Hall proceeded pro se and failed to timely file his appeal. After Hall's attorney was relieved of counsel, the burden fell on Hall to hire a new attorney, seek appointed counsel, or to proceed pro se and timely file his appeal. Hall's counsel was relieved of his duties when the time ran for filing the appeal; thus, the relieved counsel could not have been ineffective. The Court finds no merit in Hall's argument that his state court attorney was ineffective for failing to perfect Hall's appeal.

Hall claims the one-year limitation period should be tolled because he had limited access to an inadequate law library. Limited access to an adequate law library does not qualify as an extraordinary circumstance that could prevent a petitioner from timely filing his or her petition when the petitioner has not alleged how the limited library access has hindered his efforts to pursue his claims. *See Finch*, 491 F.3d at 427; *Earl v. Fabian*, 556 F.3d 717, 725 (8th Cir. 2009). Here, assuming that Hall did have limited access to an adequate law library, Hall has not shown that he was actually injured by an access violation; thus, the Court finds that this claim is without merit. *See*

*Finch*, 491 F.3d at 427.  The Court likewise finds no merit in Hall's claim that having only a partial record in this matter is reason to toll the one-year limitation period.  Hall has not shown how having only a partial record in this matter made it impossible for him to file a timely petition.

The Court has reviewed Hall's objections and finds no merit in the objections.  Accordingly, for reasons stated herein and above, as well as those contained in Judge Bryant's Report and Recommendation (Doc. 40), Plaintiff Hall's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**.

**IT IS SO ORDERED**, this 23rd day of November, 2010.

/s/ Harry F. Barnes
Hon. Harry F. Barnes
United States District Judge